IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  02-cv-02362-LTB-PAC

RONNIE BRUSCINO,

      Plaintiff(s),

v.

MICHAEL V. PUGH, et al.,

      Defendant(s).

---

ORDER
_____

Patricia A. Coan, United States Magistrate Judge

      This is a *pro se* prisoner civil rights action under *Bivens*. The matters before the court are: (1)  Defendants' Objections to Plaintiff's Deposition to Leslie Smith upon Written  Interrogatories [filed June 6, 2005]; (2) Defendants' Objections to Plaintiff's Deposition to Mary Sosa upon Written  Interrogatories [filed June 6, 2005]; (3) Defendants' Objections to Plaintiff's Deposition to Daniel Adams upon Written Interrogatories [filed June 6, 2005]; (4) Defendants' Objections to Plaintiff's Deposition to Tony Gurule upon Written  Interrogatories [filed June 7, 2005]; (5) Defendants' Objections to Plaintiff's Deposition to Danny Weeks upon Written  Interrogatories [filed June 7, 2005]; (6) Plaintiff's Motion to Clarify Record, for Court Order  to  Confer with Informant Weeks by Phone, and Order for Plaintiff to Read His Own Deposition [filed June 15, 2005]; and (7) Motion for Court to Hold Defendants in Contempt for Refusing to Comply with the Court Order of April 26, 2005 [filed June 23, 2005].

Civil Action No. 02-cv-02362-LTB-PAC
July 5, 2005

On April 26, 2005, I entered an order allowing plaintiff to conduct ten depositions of prison staff members and federal inmates upon written questions. Plaintiff now complains that defendants failed to deliver his deposition upon written interrogatories to inmate Danny Weeks. The attachments to plaintiff's motion reflect that plaintiff's questions were mailed to Weeks, but were returned to the prison as undeliverable because Weeks' State of California inmate number was not on the envelope.[1] *See* June 23, 2005 Motion for Court to Hold Defendants in Contempt…, Ex. 1. An Attorney Advisor at the Federal Correctional Complex in Florence, Colorado has advised plaintiff that he is in the process of obtaining Weeks' state inmate number so that he can resend plaintiffs' questions to Weeks. *Id.*

Defendants have been given an opportunity to review plaintiff's written questions to Weeks and have not asserted that any privilege bars Weeks from answering any of the questions, nor have the defendants moved for a protective order. *See* Defendants' Objections to Plaintiff's Deposition to Danny Weeks upon Written Interrogatories [filed June 7, 2005]. Accordingly, it is

**HEREBY ORDERED** that Plaintiff's Motion to Clarify Record [and] for Court Order to Confer with Informant Weeks by Phone [filed June 15, 2005] is **GRANTED IN PART AND DENIED IN PART** as follows:

Defendants shall mail plaintiff's deposition upon written questions to Danny

---

[1]Mr. Weeks is apparently serving a federal sentence in a state prison.

Civil Action No. 02-cv-02362-LTB-PAC
July 5, 2005

Weeks by **July 11, 2005** (if they have not done so already).  Weeks' responses to plaintiffs' written questions are due **on or before August 1, 2005.**  Defendants shall advise Weeks of the court-ordered deadline for his responses.  Plaintiff shall serve a copy of Weeks' responses on defense counsel **on or before August 8, 2005.**  Plaintiff may not confer with Danny Weeks by telephone.  It is

     **FURTHER ORDERED** that the discovery deadline is extended to **August 1, 2005** for the sole purpose of obtaining Danny Weeks' responses to plaintiff's deposition upon written interrogatories.  It is

     **FURTHER ORDERED** that plaintiff's Motion for Order for Plaintiff to Read His Own Deposition [filed June 15, 2005] is **DENIED AS MOOT**.  Plaintiff concedes that he received his deposition after he filed the June 15, 2005 Motion. *See* June 23, 2005 Response to Defendants' Objections . . .  It is

     **FURTHER ORDERED** that Motion for Court to Hold Defendants in Contempt for Refusing to Comply with the Court Order of April 26, 2005 [filed June 23, 2005] is **DENIED**.  It is

     **FURTHER ORDERED** that Defendants' Objections to Plaintiff's Deposition to Leslie Smith upon Written  Interrogatories [filed June 6, 2005], Defendants' Objections to Plaintiff's Deposition to Mary Sosa upon Written  Interrogatories [filed June 6, 2005], Defendants' Objections to Plaintiff's Deposition to Daniel Adams upon Written Interrogatories [filed June 6, 2005], Defendants' Objections to Plaintiff's Deposition to

3

Civil Action No. 02-cv-02362-LTB-PAC
July 5, 2005

Tony Gurule upon Written Interrogatories [filed June 7, 2005], and Defendants'

Objections to Plaintiff's Deposition to Danny Weeks upon Written Interrogatories [filed

June 7, 2005] are **DENIED WITHOUT PREJUDICE** because the objections appear to be

trial objections.  Defendants may renew their objections if plaintiff attempts to introduce

the witnesses' interrogatory responses at trial.

      Dated July 5, 2005.

                                      BY THE COURT:

                                      s/ Patricia A. Coan
                                      PATRICIA A. COAN
                                      United States Magistrate Judge